## EDMUND WHIPPLE *versus* LINCOLN NEWTON, 2d.

The holder of a promissory note commenced actions thereon against the maker, and against the indorser, and the maker brought into court the full amount of the note with interest. It was *held*, that the holder was not bound to accept it, unless the costs of both actions should be paid.

ASSUMPSIT on a promissory note made by the defendant, payable to Sumner Newton or his order, and indorsed by him to the plaintiff.

At the first term of the Court of Common Pleas, the defendant brought into court, on the common rule, the full amount of the note with interest, and offered, in the usual form, to pay the costs of the action to that time. There was another action pending in that court, in favor of the plaintiff, against Sumner Newton as the indorser of the same note. The plaintiff objected in writing to such offer, on the ground that it did not extend to the payment of the costs of both actions.

The Court, *Strong* J. presiding, ruled that the plaintiff was not bound to accept the money brought into court, unless the costs of both actions should be paid. To this ruling the defendant excepted.

Oct. 6th. *Peters*, for the defendant.

*Josiah Adams* and *Keith*, for the plaintiff.

Oct 7th. *Per Curiam.* Allowing a defendant to pay money into court and thereupon staying all further proceedings, is a summary proceeding, in its nature equitable, and provided for the ease of the defendant ; it cannot therefore be allowed to the injury of the plaintiff. Had the defendant been allowed

thus to pay money into court, and thus to cancel and discharge the security, it would not only deprive the plaintiff of his costs in a suit rightly brought on a good cause of action, but leave him exposed to pay costs to the defendant. We think the decision of the Court of Common Pleas was right.

*Exceptions overruled and the cause remitted to the Court of Common Pleas, for further proceedings.*